

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 17, 1975

The Honorable George N. Rodriquez, Jr.
County Attorney
Room 201, City-County Building
El Paso, Texas 79901

Opinion No. H- 694

Re: Whether a constable or
sheriff may send notices of
eviction on behalf of his private
employer and use his official
letterhead or title.

Dear Mr. Rodriquez:

You have asked our opinion as to the scope and application of article 3975a, V. T. C. S., which provides for notice preliminary to forcible detainer action. You particularly ask:

> 1. Can a constable or a Sheriff, while acting in his or her private capacity as an agent or employee of a landlord, send a tenant a notice of eviction form which is headed "THE COUNTY OF _____ " or "THE STATE OF TEXAS" or bears on its face the seal of the State of Texas?

> 2. Can a constable or Sheriff, while acting in his or her private capacity as an agent or employee of a landlord, send a tenant a notice of eviction, indicating on said notice of eviction his or her official title (i. e. , Sheriff or constable)?

You have furnished background information which prompted your questions by explaining that:

> The El Paso Sheriff and/or constables and their deputies are serving eviction notices to tenants in their private capacities as agents and employees of landlords, purportedly pursuant to Article 3975A, V. A. T. S. In some cases, these notices bear on faces the seal of the State of Texas. In addition, the notices often refer to the County of El Paso or to the State of Texas.

p. 3012

Article 3975a provides:

> That except where otherwise contracted
> orally or by written lease, upon default in
> payment of rent by a tenant, any landlord
> leasing to a tenant for a tenancy in excess of
> a period of week to week, upon default of
> payment of rent, shall give to such tenant a
> minimum of three (3) days written notice to
> vacate such premises delivered in person or
> by mail to the leased premises prior to filing
> an action for forcible entry or detainer. Upon
> the expiration of at least said three (3) days or
> stipulated length of notice, calculated from the
> date of delivery of the notice to the premises,
> if the tenant has not vacated said premises,
> action in forcible detainer or at common law
> may be commenced. Notice to vacate under
> the circumstances provided herein shall sup-
> plant existing periods of notice at common law.

Sheriffs and constables are statutorily required to "execute" all judicial "process" and "precepts" "directed" to them by legal authority. V. T. C. S. arts. 6873, 6885. However, it is obvious that the eviction notice contemplated by article 3975a is not "process" or a "precept" issued by legal authority and that sheriffs and constables have no duty, authority or power to "execute" such notice.

Accordingly, it would appear that where a sheriff or constable purports to execute the eviction notice as provided by article 3975a (as he would seemingly do where the notice is headed "The County of _____ "or "The State of Texas" and bears the seal of the State of Texas, and as he would almost certainly do where the notice bears the official title of the sheriff or constable), such sheriff or constable has committed an act constituting "an unauthorized exercise of his official power" and/or an act "under color of his office . . . that exceeds his official power" in violation of section 39. 01, subsections (a)(1) and (a)(2), Penal Code. A possible violation of article 37.10, Penal Code, is further indicated since the notice as sent by the sheriff or constable may be a "document" that is intended to "be taken as a genuine governmental record. "

Additionally, the private activities of the sheriff and constable, presumably for remuneration, which you describe may constitute a criminal violation of article 17.08 (a)(2), Business and Commerce Code, forbidding the use of the "Great Seal of Texas for a commercial purpose" and a deceptive trade practice as defined by section 17. 46 of the Business and Commerce Code, providing for civil penalties.

To reiterate, the use of "The County of _____," "The State of Texas," the seal of the State of Texas, or any representation that a notice of eviction is the official act of the sheriff or constable as you have described, may constitute violations of several Texas penal and civil laws.

## SUMMARY

It is improper and illegal for a sheriff or constable to send eviction notices as authorized by article 3975a, V.T.C.S., with any notations thereon that would make the notice appear to be the official act of a court or of an officer of the State of Texas.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: